### MORTIMER CALKINS v. ERASTUS WHEATON.

In slander, where words are capable of only one meaning, their construction is a question for the court. Where they are ambiguous or doubtful, it is the province of the jury to decide the sense in which they were used.

THIS was an action of slander, tried at the New York Circuit, in May, 1845.

The plaintiff, a drover, was in the habit of bringing cattle to the Bull's Head, for sale, a business in which credit was essential. The defendant, on one occasion, speaking of a particular debt which he claimed against the plaintiff, said of him, "he is not good for the debt," or "I do not consider him good;" the witness could not say which was the expression used by the defendant. And, on another occasion, he asked if the plaintiff had come back from up the river, and told the witness he "thought it doubtful whether he would see him

again," and said something about "the plaintiff giving him the slip."

The judge charged the jury that the question for their consideration was, whether the words, as understood in their plain acceptation, were calculated to injure the plaintiff's credit; and that it was entirely a question for them in what sense, and for what intent and purpose the words were spoken.

The counsel for the plaintiff requested the judge to charge the jury that the words sustained the action, and that there was no question for them but the amount of damages.

And, also, that the words first mentioned were, of themselves, actionable, and amounted to a charge of insolvency.

The judge refused so to charge, and to his refusal, and his charge, the plaintiff excepted. There was a verdict for the defendant, and now, on a bill of exceptions, plaintiff moved for a new trial.

*H. P. Hastings*, for plaintiff, made the following points:

1. The judge erred in submitting to the jury whether the words were an imputation upon the plaintiff's credit, or with what intent they were spoken by the defendant, those first proved, at least, being direct and positive charge of insolvency, and enough to have sustained the count without an inuendo.

2. He erred, also, as respected the words secondly proved, in leaving it to the jury whether the words, as understood in their plain import, were calculated to injure the plaintiff's credit. The plain *import* of these words was innocent, of itself, and it was only by applying a sense to them, from their relation to each other, and the residue of the conversation, that they became actionable.

3. As regards the words first proved, the judge should have charged, as requested by the plaintiff's counsel, that the action was sustained.

4. It is a clear case of a verdict, not against the weight of evidence, but against direct and uncontradicted evidence; and a new trial should be granted on that ground, if no other. There was nothing to mitigate damages, or justify a nominal

verdict, and the court cannot, in conscience, refuse to set aside a false verdict.

He cited Stark. on Slander, 55; *Dexter* v. *Taber* (12 J. R. 240); *Ex parte Bailey* (2 Cowen); *Goodrich* v. *Woolcott* (3 id. 237); *Gibbs* v. *Dewey* (5 id. 503); *Bissell* v. *Cornell* (24 Wend. 354); *Gibson* v. *Williams* (4 Wend).

*S. Clift*, for defendant.

1. A new trial should not be granted in this cause, even if there has been a misdirection of the judge, because, from the whole case, it appears that the verdict is just and right; and because it futrher appears, from the evidence, that the plaintiff, at most, would be entitled to only nominal damages. (*De Peyster* v. *Columbian Ins. Co.*, 2 Caines R. p. 85; 1 J. R. 222; *Potter* v. *Lansing*, 3 id. 520; *Fleming* v. *Gilbert*, 1 J. Cases, 255; *Brantingham* v. *Fay*, 10 Wend. 119; *Rundel* v. *Butler*, etc.)

2. The charge is correct as to the words, "I think it doubtful whether you see him again," and defendant having said something about plaintiff's "giving him the slip," do not necessarily impute insolvency; and because it was the province of the jury to determine what was meant. Where there is doubt about meaning, the jury should construe. (6 Cow. 76.)

3. The charge is correct as to the other words; because, first, the speaking of the words, "Calkins owed him (defendant), and is not good for the debt," are not distinctly and clearly proved — witness could not give the words or terms used. Second, because if the words were proved, and clearly made out, then the jury had a right to say (from the circumstances under which they were spoken) with what intent they were spoken, and how far they were calculated to injure the plaintiff. (3 J. R. 179; *Jarvis* v. *Hathaway*, 12 id. 239; *Dexter* v. *Taber*.)

4. The plaintiff not having shown any actual malice in the speaking of the words, the jury were the best judges of the *quo animo*, and, to that end, the case was properly submitted to the jury.

Calkins v. Wheaton.

*Circuit Judge:* On the trial I had no doubt as to the proper instructions to give the jury, but as they were impressions at *nisi prius,* only, I have carefully examined the cases on this hearing, and see no reason to change my opinion.

It is a well established rule, in actions for slanderous words, that where the words are capable of only one meaning, their construction is a question for the court; but where they are capable of two meanings, or are of doubtful signification, it is the province of the jury to decide in what sense they were used. (*Goodrich* v. *Woolcott,* 3 Cow. 231; *S. C. in Error,* 5 id. 714.)

It is plain, from the mere perusal of the words in this case, that they were of doubtful signification. Might never see him again! Why? Because he was dead, or had absconded from his creditors?

But it is useless to waste criticism on a matter which seems so plain. The only doubt there could be, was to be found in the words "he is not good," or "not good for the debt."

The question, which were the words, was properly left to the jury, and if they were, "he is not good for the debt," I cannot regard them as so plain and unequivocal in imputing insolvency to the plaintiff, as to justify the court in withdrawing their meaning from the jury.

This view of the case disposes of all the grounds on which the plaintiff moves for a new trial, which must be denied with costs.